**UNITED STATES of America, Plaintiff–Appellant,**

v.

**George Anthony MOSTI, aka Victor Mendoza–Macias, Defendant–Appellee.**

No. 90–50235.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 1991.[*]

Decided June 13, 1991.

Brian T. Kelly, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellant.

Debra Ann DiIorio, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellee.

Before FERGUSON, HALL and RYMER, Circuit Judges.

PER CURIAM:

Following a jury trial, George Mosti was convicted of importing a controlled substance, Lysergic Acid Diethylamide (LSD), in violation of 21 U.S.C. § 952 and possession of LSD with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Mosti under the Sen-

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

tencing Guidelines to thirty months incarceration and three years supervised release. In imposing this sentence, the district court declined to determine the offense level based upon the weight of the LSD carrier medium, the "blotter paper," but rather used only the weight of the LSD contained in the 146 "hits" Mosti possessed. The government appeals this sentence under 18 U.S.C. § 3742(b) contending that the district court erred in not including the weight of the blotter paper.

The Supreme Court's recent decision in *Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), disposes of all of the issues raised in this appeal. In *Chapman*, the Court confirmed the unanimous opinion of the courts of appeals that have addressed the question,[1] holding that the "statute [21 U.S.C. § 841(b)(1)(B)(v)] requires the weight of the carrier medium to be included when determining the appropriate sentence for trafficking in LSD, and this construction is neither a violation of due process, nor unconstitutionally vague." —— U.S. at ——, 111 S.Ct. at 1929. The blotter paper is thus a "mixture or substance containing a detectable amount" of LSD, and the district court erred in not including its weight when sentencing Mosti. We therefore vacate the sentence the district court imposed and remand for resentencing.

VACATED and REMANDED.

---

1. *United States v. Marshall,* 908 F.2d 1312 (7th Cir.1990) (en banc), *aff'd, Chapman v. United States,* —— U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *United States v. Larsen,* 904 F.2d 562 (10th Cir.1990); *United States v. Elrod,* 898 F.2d 60 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 104, 112 L.Ed.2d 74 (1990); *United States v. Bishop,* 894 F.2d 981 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 106, 112 L.Ed.2d 77 (1990); *United States v. Daly,* 883 F.2d 313 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2622, 110 L.Ed.2d 643 (1990); *United States v. Rose,* 881 F.2d 386 (7th Cir.1989); *United States v. Taylor,* 868 F.2d 125 (5th Cir.1989).