**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher TUCKER, Defendant–
Appellant.**

No. 93–2806.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1994.

Decided March 23, 1994.

Rodger A. Heaton, Asst. U.S. Atty., Lee H. Dodd (argued), Office of the U.S. Atty., Springfield, IL, for plaintiff-appellee.

Jon G. Noll, Springfield, IL (argued), for defendant-appellant.

Before WOOD, Jr., EASTERBROOK, and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Through confidential sources, the Illinois State Police on three separate occasions in 1992 purchased cocaine base from Christopher Tucker in quantities of .4 grams, .4 grams, and 5.2 grams respectively. The government pursued an indictment for the 5.2 grams of cocaine base only, and a federal grand jury returned a one count indictment charging Tucker with distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841. Tucker pled guilty, but reserved the right to challenge at sentencing the weight of the cocaine base in question. The weight of the cocaine was an important question for Tucker, as distributing five grams or more of cocaine base carries with it a minimum of five years imprisonment. 21 U.S.C. § 841(b).

Upon a reweighing several months later requested by defense counsel, the cocaine base weighed 4.04 grams. The forensic scientist who weighed the cocaine base explained that .2 grams was used for qualitative analysis, and that the balance of the weight loss was due to evaporation of water from the original sample. The presentence report sought to hold Tucker accountable for the original weight of the cocaine base, 5.2 grams, and pursuant to U.S.S.G. § 1B1.3, for the additional .8 grams of cocaine base Tucker distributed on the two earlier occasions.

At sentencing Tucker objected to the use of 5.2 grams as the weight, contending that water is not a controlled substance and that the district court should calculate the purity of the cocaine base in determining the appropriate sentence. Tucker also objected to being held accountable for the additional .8 grams of cocaine base, contending that the two transactions in question did not constitute relevant conduct. The district court disagreed with Tucker's arguments, however, and sentenced him to the minimum sentence of five years imprisonment, five years mandatory supervised release, and pay $450 restitution and a $50 mandatory special assessment. Tucker now appeals.

### A. Weight of the Cocaine Base

Ascertaining the quantity of drugs involved in an offense for the purposes of sentencing is a factual determination subject to the clearly erroneous standard, *United States v. Cea*, 963 F.2d 1027, 1030 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 281, 121 L.Ed.2d 208 (1992), and we will reverse the determination of the district court only if after reviewing the entire record we are left with the definite and firm conviction that the court committed a mistake. *United States v. Cagle*, 922 F.2d 404, 406 (7th Cir.1991). The record in this case reveals that at the time the police originally weighed the cocaine base, it weighed 5.2 grams. Tucker does not dispute that the subsequent weight loss was because of evaporation. Thus, we have no reason to conclude that the district court erred in its assessment of the original weight of the cocaine base.

The remaining question, whether the district court erred in using the original weight of the cocaine base in sentencing Tucker, is a legal question which we review *de novo*. Section 841(b) of the United States Code prescribes a five year minimum sentence for distribution of "5 grams or more of a *mixture or substance* ... which contains cocaine base...." 21 U.S.C. § 841(b)(1)(B)(iii) (emphasis added). The Supreme Court recently recognized that a mixture for the purposes of Section 841(b)

can be "two substances blended together so that the particles of one are diffused among the particles of another." *Chapman v. United States,* 500 U.S. 453, 462, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) (citing 9 *Oxford English Dictionary* 921 (2d ed. 1989)) (holding that LSD and blotter paper used to carry it were a mixture for purposes of Section 841(b)).

Cocaine base is made by mixing cocaine and baking soda and boiling it in water, and in so doing, the water becomes mixed with the cocaine base. Users of cocaine base need not wait until the water evaporates before using the drug; nor, for that matter, must users separate the cocaine from the baking soda. All three ingredients are part of a whole, blended together, and therefore comport with the common understanding of "mixture" recognized in *Chapman.*

This conclusion is strengthened by *Chapman*'s requirement of a market-based approach to determining what constitutes a mixture. The Court stated that Congress "intended the penalties for drug trafficking to be graduated according to the weight of the drugs in whatever form they were found—cut or uncut, pure or impure, ready for wholesale or ready for distribution at the retail level." *Chapman,* 500 U.S. at 461, 111 S.Ct. at 1925. In the form in which the Illinois State Police found the cocaine base in this case, it weighed 5.2 grams, and sentencing Tucker based on the weight of the cocaine base as found satisfies the intent of Congress as recognized in *Chapman.*

Tucker does point out that after *Chapman,* the United States Sentencing Commission amended the United States Sentencing Guidelines to measure LSD by dose, not by the weight of the carrier medium. *See* U.S.S.G. § 2D1.1(c) (as amended November 1, 1993). This fact is unhelpful to Tucker for two reasons. First, and simply, water is not a carrier medium in cocaine base. A carrier is something used to carry the actual substance—commonly a sugar cube or blotter paper for LSD. Water is *a part of* cocaine base, not something used to carry it; water would be the carrier medium if a person dissolved the drug in water and ingested the whole.

Secondly, even in the case of LSD, the Sentencing Commission accounted for the weight of the average carrier medium. Although the Drug Enforcement Agency standard dosage unit for LSD is .05 milligrams, the Guidelines require that each dose be treated as .4 milligrams for the purposes of the Drug Quantity Table therein. *See id.* & cmt. 18 (Background). The Sentencing Commission did this to take into account the fact "that offense levels for most other controlled substances are based upon the weight of the mixture containing the controlled substance without regard to purity...." *Id.* Tellingly, the background to Application Note 18 of Section 2D1.1 states that "this approach does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence...." *Id.* (citing *Chapman*). Nothing more clearly could contradict Tucker's contentions in this case.

■ Tucker also argued that because the purity of cocaine base is reasonably ascertainable, he should only be held accountable for the weight of the pure drug contained in the cocaine base he distributed. As the excerpts from both *Chapman* ("pure or impure") and the background to Section 2D1.1 comment 18 ("without regard to purity") make clear, Tucker's argument simply is contrary to the applicable law. The Sentencing Commission formulated a sentencing scheme based on the weight not just of the controlled substance itself, but also "mixtures" containing the controlled substance. Tucker has not demonstrated that the sentencing scheme is irrational, and the district court therefore correctly sentenced Tucker for distributing 5.2 grams of cocaine base.

### B. Relevant Conduct

■ Tucker also contends that examining the first two cocaine base transactions of .4 grams each was error. At sentencing, Tucker's reason for this objection was based on insufficient evidence of the two transactions. The government, however, attached the relevant law enforcement reports in a supplemental position statement, which Tucker's counsel candidly acknowledged: "I believe the prosecutor in this particular instance has

attached the various police reports that relate to the issue of relevant conduct and I really have no further argument in that regard." The district court determination that those reports constituted sufficient evidence was not clearly erroneous, and we therefore find no error.

On appeal Tucker asserts for the first time that because the grand jury did not indict him on the two smaller transactions, the district court erred in factoring those sales into his sentence. Tucker waived that argument by not presenting it to the district court. Nevertheless, doing so would have made no difference, given that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3; *see also United States v. Crawford*, 991 F.2d 1328 (7th Cir.1993). Additionally, given that the district court imposed the statutory minimum sentence based on the transaction involving 5.2 grams of cocaine base, Tucker's argument even if successful would not result in a reduction of his sentence.

The defendant's case was well presented by defense counsel, but for the foregoing reasons the judgment of the district court is

AFFIRMED.