39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Myron HARRIS, Appellant.
 No. 94-1072.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 28, 1994.
Filed: Nov. 9, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Myron Harris appeals his 140-month sentence imposed by the district court[1] after he pleaded guilty to four counts of distributing cocaine base and one count of distributing cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 Harris pleaded guilty to distributing well over 100 grams of cocaine base and also stipulated-as relevant uncharged conduct-that he attempted to sell an additional ounce (i.e., about 28 grams) of cocaine base to an undercover detective on May 17, 1993.
 
 
 3
 At sentencing, Harris objected to calling the substance "crack" cocaine as opposed to "cocaine base" because "crack" does not accurately reflect "the pharmaceutical purity or quality of the substance which was actually analyzed in this particular case," and purity levels help "determine the defendant's position in the chain of supply" or his "culpability." The district court noted that "crack" is synonymous with "cocaine base" under the Guidelines. Harris also objected to the inclusion of the additional ounce of cocaine base; he did not deny that he attempted the sale, but argued the same ounce was simply sold to agents at a later date. Given the string of sales and Harris's ability to supply cocaine base, the district court rejected this argument. The district court sentenced Harris to concurrent prison terms of 140 months on each count and four years supervised release.
 
 
 4
 On appeal, Harris argues the government did not prove that the substance he sold was cocaine base. As he argues, the presentence report (PSR) did not disclose purity levels. Harris, however, stipulated that he distributed cocaine base and that the police laboratory analysis determined the substances were cocaine base, and he conceded at sentencing that he was not arguing the cocaine base was actually cocaine. We conclude the purity of the cocaine base was not relevant. See United States v. Tucker, 20 F.3d 242, 244 (7th Cir. 1994) (rejecting defendant's argument that-contrary to applicable law under Chapman v. United States, 500 U.S. 453 (1991), and U.S.S.G. Sec. 2D1.1, comment. (n.18)-he should be held accountable only for weight of pure drug contained in cocaine base he distributed); United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993) (rejecting defendant's argument-that weight of cocaine base should be reduced to take account of purity-because Guidelines calculate entire weight of mixture or substance containing controlled substance), petition for cert. filed, No. 94-5410 (U.S. July 19, 1994).
 
 
 5
 Harris also challenges the district court's inclusion of the additional uncharged ounce of cocaine base he attempted to sell on May 17. We find no clear error, particularly in light of Harris's stipulation to this conduct, the series of ongoing drug transactions, and the lack of any evidence showing Harris had access to only a limited amount of cocaine base. See United States v. Bieri, 21 F.3d 811, 817 (8th Cir.) (standard of review), cert. denied, 115 S.Ct. 208 (1994).
 
 
 6
 Finally, Harris argues the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D). The rule requires that, if the defendant's testimony or comments allege any factual inaccuracy in the PSR, the sentencing court must make written findings as to each matter controverted and attach copies to the PSR. Because Harris's purity and quantity objections presented legal arguments rather than "factual inaccuracies," written findings were not required.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri