46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Glendon FORBES; Christian Martensen; Jeffrey Penkala,
Defendants-Appellees.
 No. 94-10119.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government appeals the sentences of Glendon Forbes, Christian Martensen, and Jeffrey Penkala imposed following Forbes's guilty plea to conspiring to possess with the intent to distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. Secs. 846, 841(a)(1), and Forbes's, Martensen's, and Penkala's guilty pleas to possessing with the intent to distribute LSD, in violation of 21 U.S.C. Sec. 841(a)(1). The government contends that the district court erred by failing to calculate the appellees' mandatory minimum sentences based upon the actual weight of the LSD and blotter paper "mixture" possessed by the appellees. We have jurisdiction under 18 U.S.C. Sec. 3742(b) and 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 The appellees possessed 20,000 doses of LSD carried on 200 sheets of paper and weighing over 126 grams. The district court, relying on newly amended U.S.S.G. Sec. 2D1.1, calculated the appellees' mandatory minimum sentence under 21 U.S.C. Sec. 841 by multiplying the 20,000 doses by 0.4 milligrams, arriving at a weight of 8 grams for the LSD and its paper carrier. The court stated that its method of determining the statutory minimum sentence was "reasonable" and an "appropriate way to make the carrier a factor" in determining the mandatory minimum sentence.
 
 
 4
 We review the legality of a sentence de novo. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 112 S. Ct. 401 (1991). We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir. 1994).
 
 
 5
 If a defendant is convicted of a drug offense under 21 U.S.C. Sec. 841(a) in a case involving "10 grams or more of a mixture or substance containing a detectable amount of [LSD]," a minimum sentence of 10 years must be imposed. See 21 U.S.C. Sec. 841(b)(1)(A)(v). The Supreme Court, interpreting the minimum sentence provision of section 841, held that "the blotter paper used [to distribute LSD] in this case, and blotter paper customarily used to distribute LSD, is a 'mixture or substance containing a detectable amount' of LSD." Chapman v. United States, 500 U.S. 453, 461 (1991). The Court concluded that "the statute requires the weight of the carrier medium to be included when determining the appropriate sentence for trafficking in LSD." Id. at 468.
 
 
 6
 The Sentencing Commission, effective November 1, 1993, amended U.S.S.G. Sec. 2D1.1(c), which now provides that the sentencing court should exclude the gross weight of the carrier medium in determining the base offense level for LSD offenses, and instead "treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." U.S.S.G. Sec. 2D1.1(c), n.*. The Commentary to Sec. 2D1.1 notes that, "[n]onetheless, this approach does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (see Chapman; [U.S.S.G.] Sec. 5G1.1(b))." U.S.S.G. Sec. 2D1.1(c), comment. (backg'd); see also U.S.S.G. App. C, amend. 488 (0.4 milligram per dose approach "does not override definition of mixture or substance" in Chapman).
 
 
 7
 Because the conversion factor in U.S.S.G. Sec. 2D1.1 is applicable only to determinations of the base offense level, the district court erred by using the 0.4 milligram per dose factor to determine the appellees' mandatory minimum sentences. See U.S.S.G. Sec. 2D1.1, comment. (backg'd) (noting that 0.4 milligram conversion rate is "for purposes of determining the base offense level"). Chapman's interpretation of section 841 requires that the sentencing court use the actual weight of the LSD-carrier mixture possessed by defendants to set their statutory minimum sentence. See Chapman, 500 U.S. at 455 (eligibility for mandatory minimum sentence based upon "the weight of the blotter paper containing LSD"); id. at 461 (Congress intended "penalties for drug trafficking [in section 841] to be graduated according to the weight of the drugs in whatever form they were found--cut or uncut, pure or impure"); see also United States v. Mosti, 936 F.2d 425, 426 (9th Cir. 1991) (weight of blotter paper must be included for determination of sentence).
 
 
 8
 Appellees' argument that neither section 841 nor Chapman preclude the determination of a statutory minimum sentence using the 0.4 milligram per dose conversion factor ignores two considerations. First, the Sentencing Commission was clear that its approach for weighing LSD "does not override" the approach set forth in Chapman. See U.S.S.G. Sec. 2D1.1, comment. (backg'd). Second, interpreting the language of section 841 or Chapman to permit the sentencing court to use alternative methods of weighing LSD-carrier mixtures is untenable. The only reasonable interpretation of section 841 and Chapman, as we previously noted, is that the sentencing court must set the statutory minimum sentence based upon the actual weight of the LSD-carrier mixture. Finally, because we find the due process and rule of lenity arguments advanced by appellees substantially similar to those in Chapman, we reject them. See Chapman 500 U.S. at 463-67.
 
 
 9
 Our conclusion that the 1993 amendments to U.S.S.G. Sec. 2D1.1 are irrelevant to determining a statutory minimum sentence comports with the conclusions of other courts that have confronted the issue. See, e.g., United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994); United States v. Dimeo, 28 F.3d 240, 241 & n.4 (1st Cir. 1994); United States v. Boot, 25 F.3d 52, 55 (1st Cir. 1994); cf. United States v. Tucker, 20 F.3d 242, 245 (7th Cir. 1994) (Chapman's interpretation of section 841 unchanged by Sentencing Commission's 1993 amendment of U.S.S.G. Sec. 2D1.1).
 
 
 10
 We VACATE the sentences imposed on the appellees, and REMAND with instructions to determine appellees' minimum sentences under 21 U.S.C. Sec. 841(b) based upon the actual weight of the LSD and blotter paper mixture involved in their offenses.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny the appellees' request for oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3