97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell BISHOP, Defendant-Appellant.
 No. 96-1103.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 7, 1996.
Decided Sept. 19, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judge.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, defendant Darrell Bishop was convicted of several drug offenses involving the possession and sale of powder cocaine and crack cocaine, and was sentenced to 188 months' imprisonment. Bishop challenges the constitutionality of the definition of crack cocaine, and argues that he should be sentenced for powder cocaine, instead of crack cocaine, for all or some of the cocaine found to be relevant conduct. After oral argument, we ruled from the bench that the sentence would be affirmed. We now follow our ruling with this order.
 
 
 2
 " 'Cocaine base,' for the purposes of [the] guidelines, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.' " U.S.S.G. § 2D1.1(c). Bishop concedes that this court has already rejected constitutional challenges to the definition of "base cocaine." He argues, nonetheless, that the definition of cocaine base is void for vagueness under the Fifth Amendment, and requires that the court apply the rule of lenity, and that the 100 to 1 ratio "inflames part of the Black community." We review for abuse of discretion. United States v. Koon, 116 S.Ct. 2034 (1996).
 
 
 3
 In United States v. Booker, 70 F.3d 488 (7th Cir.1995), decided shortly before sentencing in this case, this court had before it exactly the same scientific evidence as presented to the district court in this case.[1] Bishop offers nothing new that might cause us to reconsider the consistent holdings rejecting precisely the claims he makes here. See also United States v. Thomas, 86 F.3d 647 (7th Cir.1996); United States v. Baker, 78 F.3d 1241, 1248 (7th Cir.1996); United States v. Banks, 78 F.3d 1190, 1208 (7th Cir.1996); United States v. Arrington, 73 F.3d 144, 145-46 (7th Cir.1996); United States v. Pollard, 72 F.3d 66 (7th Cir.1995); United States v. Blanding, 53 F.3d 773 (7th Cir.1995). Since the briefs in this case were filed, we again rejected challenges to the definition of cocaine base in United States v. Reddrick, No. 95-2965, slip op. at 9-11 (7th Cir. July 25, 1996) (per curiam), where we also noted that Congress has rejected the Sentencing Commissions's attempt to remove any discrepancy between the penalties for cocaine powder and crack cocaine. See P.L. 104-38, 109 Stat. 334 (Oct. 30, 1995) (it also ordered the Sentencing Commission to conduct further studies regarding the crack/cocaine sentencing disparity and to present new recommendations to Congress).
 
 
 4
 Bishop also argues that the sentencing court erred in including additional amounts of crack and powder cocaine as relevant conduct. Section 1B1.3(a)(2) of the United States Sentencing Guidelines provides that the sentencing court must consider all "relevant conduct" including all drug quantities that were part of the "same course of conduct" or "common scheme or plan" as the offense of conviction. See United States v. Taylor, 72 F.3d 533, 547-48 (7th Cir.1995). This court has previously rejected the types of constitutional challenges raised by Bishop in this appeal. United States v. Tucker, 20 F.3d 242, 244 (7th Cir.1994); United States v. Ebbole, 917 F.2d 1495, 1501 (7th Cir.1990). Moreover, Bishop offers no reason to believe that this case does not fall under the well-established holdings by the Supreme Court in Williams v. New York, 337 U.S. 241, 250 (1949) (sentencing courts routinely rely on information that is inadmissible at trial), and Williams v. Oklahoma, 358 U.S. 576, 584 (1959) (sentencing courts may rely on reliable information, including hearsay, in imposing sentence). See also Witte v. United States, 115 S.Ct. 2199 (1955). Thus, we find no constitutional violation in the district court's consideration of Bishop's relevant conduct. And contrary to defendant's assertion, the buys were not too remote in time from the charged offense to be relevant, and the dates were provided by defendant himself. There were 13 trips taken by defendant during the 12-month period, always between Chicago and Champaign, Illinois, always dealing with the same source, and always for the purposes of distribution.
 
 
 5
 In the alternative, Bishop would like this "relevant conduct" amount to be considered powder, not crack, claiming there is no proof in the record that the 1994 transactions involved crack. However, it was defendant himself who identified the substance as crack. Cf. United States v. Tucker, 20 F.3d 242, 244 (7th Cir.1994); United States v. Montgomery, 14 F.3d 1189, 1997 (7th Cir.1994). We conclude that the evidence was adequate to establish that the relevant conduct involved crack cocaine.
 
 
 6
 Finally, Bishop argues that the mandatory minimum statutes do not permit the aggregation of separate drug transactions. However, he was not sentenced under the mandatory minimum statutes.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The parties stipulated to the admission of the transcript of the sentencing hearing in United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994), where scientific experts purportedly testified that cocaine powder and cocaine base are chemically indistinguishable