RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0427P (6th Cir.)
File Name: 02a0427p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CHARLES KINNARD,
      *Petitioner-Appellant,*

      *v.*

UNITED STATES OF AMERICA,
      *Respondent-Appellee.*

No. 00-6791

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-02855—Jon Phipps McCalla, District Judge.

Argued: August 7, 2002

Decided and Filed: December 18, 2002

Before: KEITH and DAUGHTREY, Circuit Judges;
CARR, District Judge.[*]

---

## COUNSEL

**ARGUED:** Stephen R. Leffler, Memphis, Tennessee, for Appellant. John T. Fowlkes, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

1

**ON BRIEF:** Stephen R. Leffler, Memphis, Tennessee, for Appellant.   John T. Fowlkes, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

————————

## OPINION

————————

JAMES G. CARR, District Judge. Defendant-appellant Charles Kinnard appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence based on ineffective assistance of counsel. For the following reasons, we **AFFIRM** the district court ruling.

## BACKGROUND

Kinnard and a co-defendant were indicted for aiding and abetting in the distribution of 50.3 grams of cocaine base and 60 grams of cocaine powder. A law enforcement officer negotiated the transfer of the illegal substance; Kinnard delivered the drugs to the co-defendant, who sold them to the undercover officer. Kinnard was arrested at the scene.

Kinnard pleaded guilty and failed to attend sentencing, which resulted in an indictment for bail-jumping. The failure to appear moved the sentencing guideline range from 108–135 months to 188–235 months.

Counsel for the co-defendant requested a reweighing of the narcotic prior to sentencing. Counsel for Kinnard did not make a similar request. The co-defendant was sentenced based on 38 grams and Kinnard was sentenced on the original weight, over 50 grams. Pursuant to a plea agreement, the bail-jumping indictment was dismissed because of the significant sentence that Kinnard received in his original case.

Kinnard's motion for post conviction relief raised two issues: 1) trial counsel was ineffective for failing to obtain a reweighing of the narcotics prior to sentencing; and 2) trial counsel was ineffective for failing to file a Notice of Appeal

with the district court. The district court certified the first issue for appeal.

## STANDARD OF REVIEW

On federal habeas corpus review, the appeals court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

## DISCUSSION

### I. Ineffective Assistance of Counsel

A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697.

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not

focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Kinnard fails to claim that the proceedings fundamentally were unreliable; he does not claim that the weight of the narcotics was inaccurate on the day of his arrest. Therefore, the issue before this court is not whether the sentencing based on 50.3 grams of cocaine base was unfair or unreliable, but whether the failure to request reweighing was prejudicial. The amount of the narcotics weighed at the time of the arrest (50.3 grams) was close to the threshold amount of 50 grams. Kinnard claims that it was ineffective assistance of counsel for his counsel to fail to request a reweighing when the amount was so close.

In *United States v. Garcia*, 900 F.2d 571, 574 (2d Cir. 1990), the Second Circuit stated that when nothing is offered to raise such a "reasonable dispute" over the weight of the drugs, a district court does not abuse its discretion by refusing to order a reweighing. Simply being close to the line does not create a "reasonable dispute," and it does not automatically require a reweighing of the drugs. *Id*. at 575. Because Kinnard did not challenge the weight of the drugs, and because the court did not have an obligation to reweigh the drugs, his counsel did not act unreasonably in failing to have the drugs reweighed.

Kinnard claims that his lawyer was ineffective because he did not secure for him the lower sentence, based on a post-offense reweighing of the drugs, that his co-defendant received.

Whether the attorney's conduct fell outside an acceptable professional range depends initially on whether the trial court properly could rely on the weight of the drugs at the time of the offense, rather than their weight at some later time. If so, no error occurred at Kinnard's sentencing, even if his co-defendant got the benefit of a lower, post-offense weight. The fact that one defendant received a benefit to which he was not entitled (i.e., a lower sentence based on a weight that was not

properly relied on by the sentencing court), does not entitle another defendant to the benefit of the same mistake.

The proper weight for determining sentence is the weight at the time of the offense, not some later weight. *United States v. Tucker*, 20 F.3d 242, 244 (7th Cir. 1994) (sentencing on the basis of the weight of drugs as found at the time of the offense proper under the Guidelines); *accord United States v. Dean*, 59 F.3d 1479, 1495 (5th Cir. 1995). The computation of the amount of drugs attributable to Kinnard was, accordingly, entirely proper, whether or not his attorney sought a reweighing.

The defendant has failed to demonstrate that his attorney's performance fell "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. Therefore, the district court did nor err in denying defendant's petition for habeas corpus relief, and Kinnard's sentence is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Kinnard's 28 U.S.C. § 2255 motion to vacate his sentence based on ineffective assistance of counsel.