**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CORY PARKS, also known as Cory
McGuinn-Parks,

Defendant-Appellant.

No. 04-2172
(D.C. Nos. CIV-03-622 JC/KBM and
CR-01-1139 JC)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cory Parks, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

I

In August 2001, Mr. Parks was indicted for one count of conspiracy to distribute less than five grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 846 and one count of distributing less than five grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Relying on his logbook, a Drug Enforcement Administration (DEA) agent testified before the grand jury that the narcotics weighed 1.7 grams when seized. Referring to a DEA chemist's report, he then testified that when the substance seized was sent for laboratory analysis, it "tested positive for cocaine base with a net weight of 2.0 grams." R. Doc. 1, Attach. B at 3.

Mr. Parks entered into plea negotiations with the government. While the negotiations were pending, his counsel filed a motion for the independent examination and weighing of the cocaine base. The motion argued that the exact weight of cocaine base was extremely important because the sentencing range was greater for quantities of 2.0 grams and higher. The motion suggested that

weighing of small amounts was subject to error and that the chemist may have rounded to the nearest tenth of a gram to arrive at 2.0 grams.

The plea negotiations were unsuccessful, so Mr. Parks hired new counsel and went to trial on the distribution count after the government voluntarily dismissed the conspiracy count. At trial, the DEA chemist testified that the cocaine base weighed 2.0 grams at the time of testing, and the DEA agent testified that it weighed 2.3 grams at the time of the seizure. The agent explained his grand jury testimony by stating that he probably looked at the wrong entry in his logbook, as his review of his logbook immediately prior to testifying at trial indicated that the weight of the drugs in Mr. Parks's case was 2.3 grams. Counsel cross-examined the chemist about the weighing process but did not pursue the motion to reweigh, and the court never ruled on the motion. The jury convicted Mr. Parks of distributing less than five grams of cocaine base. At sentencing, the court stated that the quantity involved was 2.0 grams, resulting in a guidelines range of 41 to 51 months in prison. Had the quantity been less than 2.0 grams, the lower offense level would have resulted in a range of 33 to 41 months. Mr. Parks received a sentence of 41 months' imprisonment. He did not appeal.

On May 23, 2003, Mr. Parks timely filed his § 2255 motion contending, among other arguments, that his trial counsel was ineffective for not pursuing the motion to reweigh. Addressing only that claim, the magistrate judge

recommended that the district court grant the § 2255 motion. She stated that, given the discrepancies in the testimony about the weight of the cocaine base and the lack of any evidence that counsel knew of the motion or had a strategic reason for not pursuing it, she could not conclude that it was reasonable for counsel not to pursue the motion. She also stated that, given the increase in the sentencing range, she could not conclude that Mr. Parks suffered no prejudice from counsel's actions.

The district judge disagreed. He held that the discrepancies regarding the weight of the cocaine base were "plainly and conclusively clarified" during the proceedings and that Mr. Parks had not suffered any prejudice. R. Doc. 12 at 2. Thus, he denied the motion. Mr. Parks appealed and requested a certificate of appealability (COA), which the district court denied. A judge of this court then granted a COA as to the claim of ineffectiveness for not pursuing the motion to reweigh. The government has briefed the issue, and the appeal is ready for decision.

II

"When reviewing a district court's denial of a § 2255 petition, we review questions of law de novo and questions of fact for clear error." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004).

-4-

Criminal defendants have a constitutional right to counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). To ensure that defense counsel "plays the role necessary to ensure that the trial is fair . . ., the Court has recognized that the right to counsel is the right to the effective assistance of counsel." *Id.* at 685-86 (quotation omitted). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. To establish ineffective assistance, a petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. "Prejudice" is established by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We need not address the first *Strickland* prong if the defendant's showing is insufficient on the second prong. *See id.* at 697.

In this case, the district court found that Mr. Parks had not established prejudice from counsel's failure to pursue the motion to reweigh. We agree. For sentencing purposes, the relevant determination is the weight of the drugs at the time of the offense, not at the time of trial or sentencing. *See United States v. Klinginsmith*, 25 F.3d 1507, 1511 (10th Cir. 1994); *see also Kinnard v. United States*, 313 F.3d 933, 935-36 (6th Cir. 2002). The evidence in the record tends to

show that the cocaine base weighed at least 2.0 grams as of the date of the offense. The only evidence to the contrary was the DEA agent's testimony before the grand jury. The agent, however, explained the discrepancies in his grand jury testimony and his trial testimony to the district court's satisfaction. Where there is no reasonable dispute about the quantity of narcotics involved, reweighing is not required. *See United States v. Garcia*, 900 F.2d 571, 574 (2d Cir. 1990). In similar circumstances, the Sixth Circuit has held that failure to seek reweighing is not ineffective assistance. *See Kinnard*, 313 F.3d at 935-36. To the extent that there may have been doubts about the chemist's weighing process, counsel did cross-examine the chemist at trial.

### III

We have reviewed the other issues Mr. Parks raises on appeal and have determined that none are worthy of granting a COA. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-6-