**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0073n.06

**No. 10-1601**

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | **FILED**<br>*Jan 20, 2012*<br>LEONARD GREEN, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| FREDRICK EUGENE BLACK, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    MOORE and GRIFFIN, Circuit Judges; and QUIST, Senior District Judge.[*]

### I. Background

**Per Curiam.**  On or about December 9, 2008, Appellant-Defendant Fredrick Eugene Black ("Black") was stopped by officers of the Detroit Police Department for traveling with excessively loud music emanating from his vehicle, in violation of the applicable city noise ordinance.  During the traffic stop, an officer saw Black place a handgun into the center console of the vehicle.  Black was ordered out of the vehicle by the officers and searched.  In the search, a nylon gun holster was recovered from Black's waist band.  Also, a loaded Sturm Ruger 9 millimeter semiautomatic handgun with an obliterated serial number was found in the center console of the vehicle.

At trial, Black called one witness.  Black, however, did not testify.  On January 13, 2010, following a jury trial, Black was convicted of one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1).  On April 20, 2010, the district court sentenced Black to 84 months

---

[*]Honorable Gordon J. Quist, United States Senior District Judge for the Western District of Michigan, sitting by designation.

incarceration. On April 30, 2010, Black filed a timely notice of appeal. Black raises two issues on appeal. He contends that his trial counsel was constitutionally ineffective by:

1. Failing to call Black to the witness stand to testify at trial; and,

2. Deciding to proceed to trial when there was no possibility of acquittal absent Black's testimony.

## II. ANALYSIS

Ordinarily this Court "will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). "These claims are more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255." *Id*. An exception exists, however, when the record is adequately developed so that the Court can assess the merits of the issue. *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000).

This Court has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

### 1. Counsel was not ineffective for not calling Black as a witness.

Black contends that his trial counsel did not have a trial strategy, evidenced by the failure to call Black as a witness. Black alleges that without a defense strategy, he did not have a chance of acquittal, and a defense attorney is not effective unless he is seeking an acquittal. Black contends that a defense theory could have succeeded if Black had testified.

The record is adequate to permit the Court to assess the merits of the issue. In open court, Black and his retained counsel engaged in the following colloquy:

Counsel: I now address my client very briefly. I would just like you to answer yes or no to the question did I make an accurate statement concerning our discussions about you testifying.

Defendant: Yes.

Counsel: Do you understand you have an absolute constitutional right to testify? And no matter what decision I tell you I think is in your best interest, it is ultimately your decision whether to testify or not testify?

Defendant: Yes.

Counsel: Are you satisfied that we have gone over every aspect to your satisfaction concerning the issue of your testimony?

Defendant: Yes.

Counsel: Have you agreed that I should rest and not place you on the stand and not have you testify?

Defendant: Yes.

(R. 57 at 11.)

Therefore, we reject Black's argument on appeal because it is belied by the record. Black's attorney did not fail to call Black to the witness stand; Black chose not to take the witness stand. Black's counsel provided competent representation: he explained to Black that he had a constitutional right to testify; he apparently advised Black on the issues surrounding whether Black should testify; and he also told Black that regardless of his recommendation, Black ultimately had to make the decision.

## 2. Proceeding to trial

Black alleges that his trial counsel was ineffective because "[i]n electing to proceed to trial, the Defendant-Appellant was denied an opportunity for acceptance of responsibility points assessed

3

as a result of entering a guilty plea." (Def.'s Br. at 13.)  This issue is not ripe for review.  The record is insufficient to permit review of this claim and, therefore, it is more proper to be raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255.  *See Gardner*, 417 F.3d at 545.  We decline to address the ineffective assistance of counsel claim with respect to Issue II.

### III. CONCLUSION

We **AFFIRM** the judgment of conviction.

**AFFIRMED**