**NOT RECOMMENDED FOR PUBLICATION**

File Name: 13a0157n.06

**No. 11-1784**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEVIN LEE CHITTICK, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | **Feb 13, 2013** |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BLAINE LAFLER, WARDEN, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SILER, SUTTON and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge. The petitioner, Kevin Chittick, appeals the district court's order denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his state court convictions for criminal sexual conduct. He claims that his Sixth Amendment right to counsel was violated when law enforcement seized attorney-client privileged documents and shared those documents with the prosecutor. He also claims that counsel ineffectively remedied the breach of the attorney-client privilege and failed to protect him from inadmissible other acts evidence at trial. We find no error and AFFIRM.

I.

Chittick, a deputy sheriff, was convicted by a jury on fourteen counts of third-degree sexual conduct, pursuant to Mich. Comp. Laws § 750.520d, five counts of fourth-degree criminal sexual conduct, pursuant to Mich. Comp. Laws § 750.520e, and one count of willful neglect of duty by a

public officer in violation of Mich. Comp. Laws § 750.478. Chittick's conduct involving two minor victims between 2001 and 2002 led to these convictions.

In 2004, during the course of investigating the charges against Chittick, a Michigan State Police detective executed a search warrant at Chittick's home and seized his computer. Crime lab computer specialists found password-protected documents on the computer containing Chittick's and his wife's versions of his relationship with one of the minor victims, which were prepared for the benefit of his attorney. The prosecutor received and reviewed the information contained in the documents.

In 2005, on the first day of trial, defense counsel learned that the computer had been seized by state police and that the prosecutor had reviewed the attorney-client privileged documents. By agreement, defense counsel and the prosecution remedied the invasion of the attorney-client privilege by stipulating that the prosecutor would not use any of the privileged information at trial. The trial court accepted the remedy.

During the trial, Chittick's wife, Angela Chittick, testified as a defense witness. On cross-examination, the prosecutor asked Angela if her younger sister ever complained about Chittick. Angela said that her sister once told her that he made fun of her underwear, and that on another occasion he placed his hand on her belly but took it away when Angela entered the room. Angela also testified on cross-examination that a teenage girl stayed with them for a brief time. Lastly, the prosecutor elicited on cross-examination that during Chittick's first date with Angela, who was 18 at the time, he tried to remove her bra. Defense counsel did not object to this line of questioning.

No. 11-1784
*Chittick v. Lafler, Warden*

Chittick's direct appeal to the Michigan Court of Appeals was rejected. *People v. Chittick*, No. 264033, 2007 Mich. App. LEXIS 750, at *1 (Mich. Ct. App. Mar. 20, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Chittick*, 740 N.W.2d 297 (Mich. 2007). Chittick filed a petition for a writ of habeas corpus in the federal district court in 2008. *Chittick v. Lafler*, No. 08-14910, 2011 U.S. Dist. LEXIS 56342, at *1 (E.D. Mich. May 26, 2011). After the district court denied relief, it certified for appeal Chittick's claim that his Sixth Amendment right to counsel was violated. *Id.* at *36.

## II.

Habeas relief may not be granted with respect to any claim adjudicated on the merits in a state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). We review a district court's legal conclusions in a habeas proceeding de novo and its factual findings for clear error. *Onifer v. Tyszkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001). Ineffective assistance of counsel claims are mixed questions of law and fact, which we also review de novo. *Strickland v. Washington*, 466 U.S. 668, 698 (1984).

III.

A.

Chittick argues that his Sixth Amendment right to counsel was violated when, pursuant to a search warrant, police seized his personal computer containing information protected by the attorney-client privilege and shared those documents with the prosecuting attorney. The State argues that this claim is procedurally defaulted, because the Michigan Court of Appeals applied a procedural bar to review of the claim. *See Chittick*, 2007 Mich. App. LEXIS 750, at *2. The district court declined to address the issue of procedural default and instead addressed the merits of Chittick's claim. *Chittick*, 2011 U.S. Dist. LEXIS 56342, at *22. We do the same.

The Sixth Amendment assures fairness in the adversary criminal process. *United States v. Cronic*, 466 U.S. 648, 656 (1984). Where the Sixth Amendment is violated, a "serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343 (1980). Thus, government actions which obtain defense strategy information are improper under the Sixth Amendment. *See Weatherford v. Bursey*, 429 U.S. 545, 554–56 (1977). Here, the police purposefully opened documents which they knew contained privileged attorney-client information, and shared those documents with the prosecutor. *See Chittick*, 2011 U.S. Dist. LEXIS 56342, at *24; *cf. Weatherford*, 429 U.S. at 558 (where undercover law enforcement agent kept the information he learned at meetings with the defendant and defendant's attorney to himself and at no time discussed or passed on to his superiors or to the prosecuting attorney any details or information regarding defendant's trial plans or strategy, no Sixth Amendment violation occurred). Thus, Chittick has established the purposeful intrusion required to demonstrate a constitutional violation.

However, Chittick may only prove a Sixth Amendment violation if he can also show prejudice. *See Weatherford*, 429 U.S. at 552 ("[W]ith respect to the right to counsel, it is that when conversations with counsel have been overheard, the constitutionality of the conviction depends on whether the overheard conversations have produced, directly or indirectly, any of the evidence offered at trial."); *Sinclair v. Schriber*, 916 F.2d 1109, 1112 (6th Cir. 1990) ("In *Weatherford*, the Supreme Court held that in order to establish a violation of the Sixth Amendment right to counsel ensuing from government surveillance, a claimant must not only show that conversations with an attorney were surreptitiously monitored, but must also show that the information gained was used to prejudice the claimant's defense in his criminal trial.").

Chittick proffers only the prosecution's cross-examination of his wife as evidence that the prosecution used the attorney-client privileged material at trial. There is no need for us to determine whether the information elicited from his wife's testimony relates to the privileged documents reviewed by the prosecutor because privileged materials may be used to impeach a witness. *Cf. Michigan v. Harvey*, 494 U.S. 344, 350-51 (1990). In addition to his wife's testimony, Chittick enumerates in his brief various hypothetical acts which the prosecution could have engaged to remedy the alleged breach of the attorney-client privilege, but this list is no substitute for a showing of prejudice, which is Chittick's burden to prove. *See Sinclair*, 916 F.2d at 1112. The district court correctly concluded that Chittick fails to establish prejudice because he "failed to identify any aspect of the trial affected by the breach of the privilege" and because "the prosecutor did not introduce any evidence at trial that was improperly obtained." *Chittick*, 2011 U.S. Dist. LEXIS 56342, at *26.

B.

Chittick challenges the effectiveness of his trial counsel. The familiar two-prong test set forth in *Strickland,* 466 U.S. at 687, governs our analysis. To establish ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Id.* Under the second prong, which governs the issue, Chittick must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Courts are not required to conduct analyses under both prongs of the inquiry. *Id*. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.").

Chittick's claim fails for lack of prejudice. First, he has not demonstrated a reasonable probability that a challenge to his wife's testimony would have changed the outcome of the proceedings. Chittick argues that he was denied a fair trial by the admission, during the cross-examination of his wife, of hearsay as well as other acts evidence for which the prosecutor was required to file, before trial, a notice of intent under Michigan Rule of Evidence 404(b)(2). However, his wife's testimony was not an admission of "crimes, wrongs, or other acts'" as contemplated by Rule 404(b) nor was the testimony hearsay, as it was not offered to prove the truth of the matter asserted. *See* Mich. R. Evid. 404 (b); *id*. at R. 801(c).

Likewise, Chittick has failed to demonstrate any prejudice resulting from his counsel's alleged failure to protect him from the admission of attorney-client privileged information at trial. There is no indication that the trial was "fundamentally unfair or unreliable" as a result of

counsel's strategic choice to enter into a stipulation with the prosecutor.  *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").  Rather, counsel identified the Sixth Amendment deprivation and tailored, along with the trial court,  "relief appropriate in the circumstances to assure [Chittick] the effective assistance of counsel and a fair trial."  *United States v. Morrison*, 449 U.S. 361, 365 (1981).  Furthermore, counsel admitted before the trial court that the privileged documents contained "self-serving statements" not likely admissible at trial.  *Chittick*, 2007 Mich. App. LEXIS 750, at *4.  Chittick has not demonstrated a reasonable probability that the remedy which his counsel proposed, and the stipulation into which the prosecutor entered, was to his detriment.  Chittick offers no examples of the prosecutor's alleged use of privileged information, except his wife's testimony, which we have already determined did not result in prejudice.  He has failed to demonstrate a reasonable probability that, but for counsel's alleged errors, the result of his proceedings would have been different.

AFFIRMED.