**Revised November 9, 1999**

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 98-30814
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT HASHIMOTO,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

October 20, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Scott Hashimoto appeals his resentence for conspiracy to possess methamphetamine with intent to distribute and for money laundering. He argues that the sentence must be vacated because the district court erred in sentencing him within the applicable guideline range after granting the government's motion for a downward departure under U.S.S.G. § 5K1.1. We affirm Hashimoto's sentence.

1

Hashimoto was convicted in 1996 of possession of methamphetamine with intent to distribute and for conspiracy to launder money. His total offense level of 31 included an addition of two levels because Hashimoto was an organizer and supervisor of the drug trafficking. Combined with his Category I criminal history, Hashimoto's guideline sentencing range was 108-135 months. However, because Hashimoto was subject to a mandatory minimum sentence of ten (10) years, the guideline range was revised to 120-135 months. Hashimoto objected to the two-level increase for his alleged role as a manager or supervisor. The objection was overruled. The district court then granted the government's motion for downward departure under § 5K1.1, based on Hashimoto's substantial assistance. It intended to depart downward ten percent (10%) from Hashimoto's minimum sentence of 120 months, and thereby sentenced him to 108 months.[1]

On appeal, we found that the two-level enhancement for offense role did not apply. Hashimoto's original sentence was vacated and his case remanded for resentencing. *See United States v. Hashimoto*, 139 F.3d 898 (5th Cir. 1998) (unpublished). At resentencing, the district court found that Hashimoto's guideline range was 70-87 months, based on a total offense level of 27 and a criminal history category I. The government again filed a motion for downward departure pursuant to § 5K1.1. The district court again granted the motion. In its Statement of Reasons for imposing the 72-month sentence (Statement of Reasons), the district court noted that its previous departure had been 10% of the "guideline sentence," presumably meaning the statutory minimum of 120

---

[1]The district court's sentence did not actually represent a 10% departure from the minimum sentence for which Hashimoto was eligible. Once it granted the § 5K1.1 motion for departure, the court could have reduced Hashimoto's sentence from the low end of the actual guideline range (108-135 months). *See, e.g., United States v. Underwood*, 61 F.3d 306, 311 (5th Cir. 1995) (holding that § 5K1.1 motion authorizes greater departure from statutory minimum sentence and lesser departure from guideline range and that extent of departure is entirely within district court's discretion).

2

months, "or about one offense level." Intending to duplicate that departure, the district court reduced the offense level to 26, producing a guideline sentence range of 63-78 months. The court then sentenced Hashimoto to 72 months. Hashimoto filed a motion to correct his sentence under Fed. R. Crim. P. 35(c). He contended that the first sentence had represented a 10% departure from the minimum guideline sentence of 120 months. But, despite the district court's stated effort to duplicate the prior result, the new 72-month sentence was not a 10% departure from the minimum guideline sentence of 70 months. In fact, it was not a deviation from the sentencing range of 70-87 months at all. Hashimoto claimed this "in effect, negates the granting of the 5K.1.1 motion." Hashimoto assumed that the district court had made an arithmetical error and asked that the sentence be revised to 63 months, which would have been a 10% departure from the minimum guideline sentence of 70 months.

The district court denied Hashimoto's Rule 35(c) motion. It denied that an arithmetical error had been made. The district court explained the 72-month sentence by stating that it "intended to reduce ten percent from the middle of the applicable [guideline sentencing] range, rather than the minimum of the range, taking into account the overall reduction in sentence the defendant received on resentencing." The district court's reasoning in denying Hashimoto's motion to correct conflicts with its explanation in the Statement of Reasons that the resentence was designed to duplicate the departure represented by the vacated 108-month sentence.

Hashimoto appeals the district court's denial of his Rule 35(c) motion. He claims that, having granted the government's § 5K1.1 motion for departure, the district court was required to impose a sentence which was below the low end of the original guideline range (70 months). By not doing

3

so, he claims, it fails to follow its own order granting the departure, requiring reversal.[2]

District courts have almost complete discretion to determine the extent of a departure under § 5K1.1. *See United States v. Alvarez*, 51 F.3d 36, 41 (5th Cir. 1995) ("[T]he decision as to the extent of the departure is committed to the almost complete discretion of the district court."). The only ground on which the defendant can appeal the extent of a departure is that the departure was a violation of law. *See id.* at 39 ("[T]he district court has the discretion to choose the appropriate sentence within the applicable Guideline range, and to determine the appropriate extent of a departure; thus a defendant cannot appeal the extent of a departure made pursuant to section 5K1.1 unless the departure was made in violation of law."); *see also* 18 U.S.C. § 3742(a) (West 1999) (limiting defendant's right to appeal his sentence to certain categories of cases, of which *Alvarez* found only "sentence imposed in violation of law" applied to appeals of extent of downward departure).

The district court *also* has almost complete discretion to deny the government's § 5K1.1 motion to depart downward. *See United States v. Myers*, 150 F.3d 459, 463 (5th Cir. 1998). The refusal to depart downward can be reversed only if the refusal was in violation of law. *See United States v. Miro*, 29 F.3d 194, 198-99 (5th Cir. 1994) (expressly holding that jurisdiction over denial of a § 5K1.1 motion exists only if in refusal is violation of law); *United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir. 1989) (establishing  lack of jurisdiction in this situation).

Hashimoto does not allege that the district court's sentence was a violation of law. We would thus clearly lack jurisdiction over Hashimoto's case if he was challenging either 1) the extent of a departure that was made or 2) the denial of a § 5K1.1 motion.  But Hashimoto does neither.

---

[2]Hashimoto expressly disclaims vindictiveness as an issue in this appeal

Hashimoto admits that the district court granted his § 5K1.1 motion. Thus our rule that we will not review the denial of a § 5K1.1 motion does not apply. Hashimoto's assertion is that the trial court failed to follow its own order))that *it did not in fact grant a departure*, because it sentenced him within the applicable guideline range. The *Alvarez* holding that we lack jurisdiction to review the extent *of a departure* presumes that a departure has been made. If Hashimoto is correct that no departure has been made, *Alvarez* does not apply. We have not addressed this situation, in which the district court granted a § 5K1.1 motion for downward departure, expressly stated that it was granting a departure pursuant to the motion, and yet handed down a sentence which was within the original sentencing range.

While Hashimoto does not support his assertion, he is correct that his 72-month sentence did not represent a downward departure under the guidelines. A departure under § 5K1.1 is a departure from the applicable sentencing guideline range. *See United States v. Faulks*, 143 F.3d 133, 135-36 (3$^d$ Cir. 1998) (holding that a sentence within the applicable sentencing range is not a § 5K1.1 departure and explaining "[t]he departures provided for in Part K of the Guidelines manual are departures from 'the range established by the applicable guidelines'"); s*ee also* U.S.S.G. § 5K2.0 (1998) (policy statement) (cited in *Faulks* and implying that departure is "sentence outside the range established by the applicable guidelines"). In this case, the district court's sentence of 72 months was within the sentencing guideline range of 70-87 months. It was therefore not a departure, and not a proper response to granting the government's § 5K1.1 motion for downward departure. The district court used a flawed methodology in relying on reducing Hashimoto's offense level to accomplish a departure. Even though reducing the offense level clearly resulted in a reduced sentence, it did not ensure that the sentence was outside–and therefore a departure from–the guideline range of 70-87

5

months.  Rather, the reduced offense level produced a new sentencing range (63-78 months) which overlapped with the original range (70-87 months), allowing the district court to choose a 72-month sentence which, although a 10% reduction from what it otherwise would have been, was not a departure from the original 70-87 month range, and therefore not consistent with its statement granting the government's § 5K1.1 motion.

The district court erred.  But we hold that its error does not require us to vacate Hashimoto's sentence.  Hashimoto presents no case law in support of his position that reversal is required.  He merely claims that this is an issue of first impression.  But in *Faulks*, 143 F.3d 133, the Third Circuit addressed this same situation.  Defendant Faulks' original guideline range was 87 to 108 months.  The district court granted the government's § 5K1.1 motion, yet still sentenced Faulks to 95 months)) within the original guideline range.  The Third Circuit recognized the issue before it as whether "a sentencing judge who has granted a § 5K1.1 motion is powerless to impose a sentence within the guideline range."  *Id.* at 136.  *Faulks* accepted that the district court had erred in stating that it was granting the § 5K1.1 motion for downward departure.  *See supra; see also id.* at 135 ("there is an inconsistency between what the district court said and what it did").  But it found the error "harmless".  *Id.* at 136 ("We conclude that the district court's statement that it was granting a departure should be regarded as harmless error, and we hold that it, accordingly, does not mandate a sentence below the guideline range.")  The Third Circuit then held that the district court's sentence should stand because 1) the sentencing judge recognized his authority to depart below the guideline range and 2) there was no ambiguity about the intended sentence.  *See id.* ("We conclude that this claim [that reversal was required] should be rejected where, as here, the record provides assurance that the sentencing judge recognized his authority to depart below the guideline range and there is

6

no ambiguity about the intended sentence."). *Faulks* also relied on the fact that the district court was authorized to impose the sentence it in fact imposed. *See id.* at 137 (referencing fact that, under Third Circuit law, district court could have denied departure anyway).

In this case, the district court clearly recognized its authority to depart from the statutory guidelines. The court's explanations of the 72-month sentence, while inconsistent, both reflect 1) an attempt to grant a departure for substantial assistance pursuant to § 5K1.1; 2) an awareness of its discretion thereunder to reduce Hashimoto's sentence as much as it saw fit; 3) an explanation for the reduced sentence actually chosen. Thus, both reflect a recognition of the authority to depart from the guidelines. The sentence was also unambiguous. *See Faulks,* 143 F.3d at 137 (noting lack of ambiguity because court "listened at great length" to discussion of issue and "clearly decided that it would warrant an in-range reduction but not a sentence below the guideline range"). Finally, like the district court in *Faulks*, the district court here had the discretion to impose the sentence it in fact imposed. *See, e.g., supra; Myers*, 150 F.3d at 463 (in Fifth Circuit, district court has discretion not to grant downward departure). According to *Faulks*, the only authority on point, we should not disturb the district court's sentence.

Moreover, in the Fifth Circuit, the district court's discretion in this general area is well established. *See supra; see also Koon v. United States*, 518 U.S. 81, 91-99, 116 S. Ct. 2035, 2043-47 (1996) (discussing discretion due sentencing court and noting that departure decisions are generally reviewed at most for abuse of discretion). While Hashimoto's situation is novel, the general principle that we defer to a district court's sentencing decision clearly still applies. Particularly when the limited authority available supports upholding the sentence, we will not vacate it. The district

court's denial of Hashimoto's Rule 35(c) motion is AFFIRMED.[3]

---

[3]Like the *Faulks* court, we encourage district court judges presented with this situation in the future to avoid confusion and achieve the same outcome by denying the government's motion for a departure and acknowledging the defendant's substantial assistance by sentencing lower in the guideline range than it otherwise would have. *See Faulks*, 143 F.3d at 136-37. This is well within the district court's discretion.