**UNITED STATES of America,**
**Appellee,**

v.

**David ALVAREZ, Defendant–Appellant.**

**No. 06–0107–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

Elizabeth Latif, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; David C. James, of counsel), New York, NY, for Appellee.

Edward Zas, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant–Defendant.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

David Alvarez ("Alvarez") appeals from a January 4, 2006 judgment of the United States Court for the Eastern District of New York (Hurley, J.), convicting him, after a jury trial, of possession of a firearm after having been convicted previously of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Alvarez principally to a term of imprisonment of 100 months; a sentence which fell within both the original guideline range of 100–125 months and the adjusted 92–115 month range following a downward departure from Criminal History Category ("CHC") VI to V. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Alvarez's primary claim on appeal is that the district court erred by granting him a CHC "downward departure" to Category V, but imposing a sentence that fell within the original 100–125 month Guideline range under Category VI. Relying on the

Guidelines' definitions of "departure" and "downward departure", Alvarez essentially argues that the district court erred because the 100–month sentence it imposed did not "effect" a sentence below the original Guideline range. *See* U.S.S.G. § 1B1.1, cmt. n. 1(E) (" '[d]ownward departure' means departure that effects a sentence less than a sentence that could be imposed under the applicable guideline range or a sentence that is otherwise less than the guideline sentence"; "departure" means assignment of a CHC "in order to effect a sentence outside the applicable guideline range"); *see also* U.S.S.G. § 4A1.3(b)(1) & cmt. n. 1 (incorporating the definitions by reference). At oral argument, Alvarez acknowledged that the district court was not powerless—in the post-*Booker* era—to impose the sentence it did. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (rendering the Guidelines advisory rather than mandatory). He seeks a remand, however, for the purpose of determining whether the district court intended to impose a sentence which did not give effect to the downward departure. The government objects to a remand on the grounds that the district court did not err, and, in any event, clearly intended the sentence it imposed.

■ We need not decide whether the district court erred in applying the Guidelines because any such error was harmless. The record makes sufficiently clear that the district court was aware of, and fully considered, the adjusted 92–115 sentencing range. That range was noted by the district court both at the time of sentencing and in the written judgment. It is also sufficiently clear from the record that the district court intended to sentence Alvarez within the adjusted range, as the court thoroughly considered the 18 U.S.C. § 3553(a) factors prior to imposing Alva-

rez's sentence. Under these circumstances, and given that the Guidelines are merely advisory in any event, we find that any procedural error by the district court in applying the Guidelines was harmless. *Cf. United States v. Hashimoto*, 193 F.3d 840, 844 (5th Cir.1999) (holding that district court erred by sentencing defendant within original Guidelines range after granting him a downward departure for substantial government assistance under U.S.S.G. § 5K1.1, but finding the error harmless where the sentence fell within the overlapping adjusted range and the record unambiguously reflected the district court's intent to impose the sentence it did); *United States v. Faulks*, 143 F.3d 133, 137 (3d Cir.1998) (same).

The situation in *United States v. Amato*, 46 F.3d 1255 (2d Cir.1995), upon which Alvarez relies, was very different. In *Amato*, the defendant argued—and the government agreed—that remand was warranted to determine whether the district court intentionally sentenced the defendant within the original Guidelines range after it had granted the government's motion for a downward departure under § 5K1.1. *Id.* at 1263. In remanding, the Court explained: "the record suggests that the district court may have intended, in granting a departure, to give the defendant some benefit by reason of the departure." *Id.* Here, by contrast, a different type of departure is at issue; the district court's intent is sufficiently clear from the record; and the Guidelines are no longer mandatory. Accordingly, a remand based on the district court's alleged procedural irregularity in applying the Guidelines' departure provisions is not warranted.

■ We also reject Alvarez's claim that his 100–month sentence is unreasonable under 18 U.S.C. § 3553(a). While we have declined to establish a presumption that a Guidelines sentence is reasonable, *see*

*United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006); *cf. Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007) (holding that circuit courts may apply such a presumption), we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez,* 443 F.3d at 27. Although Alvarez recognizes that the district court adequately considered all of the § 3553(a) factors, he nevertheless claims that his within-the-Guidelines sentence is unreasonable because it: (1) over-represents the seriousness of his criminal history; (2) "double-count[s]" his 1997 drug conviction by using it both to enhance the criminal history score and his offense level; (3) accounts for a two-point offense level enhancement even though he did not know that the gun at issue was stolen; and (4) is "disproportionately long" when compared to his prior sentences. These claims are without merit.

The district court carefully considered Alvarez's criminal conduct, as reflected by the court's CHC departure. Moreover, Alvarez's double-counting argument is misplaced because his offense level and criminal history score "measure different things". *Cf. United States v. Campbell,* 967 F.2d 20, 24 (2d Cir.1992) ("The offense level represents a judgment as to the wrongfulness of the particular act. The [CHC] principally estimates the likelihood of recidivism.") (internal citation omitted). In addition, Alvarez's objection to the offense-level enhancement for the stolen gun is unfounded because the district court expressly considered Alvarez's claimed ignorance that the gun was stolen in conducting its § 3553(a) analysis. Nor can we say that Alvarez's sentence was unreasonably long: the district court considered the likelihood of recidivism—along with the other § 3553(a) factors—and determined that a 100–month sentence was appropriate under the circumstances. *See United States v. Florez,* 447 F.3d 145, 158 (2d Cir.2006) (explaining that this Court will not substitute its judgment for that of the district court).

 Finally, we find no error in the district court's denial of Alvarez's suppression motion.[1] The district court found the testifying officers credible, and we see no reason in the record to disturb that finding. *See Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (explaining that a district court's factual findings, particularly those involving witness credibility, may not be overturned unless clearly erroneous). Accepting the officers' testimony as true, probable cause to search the car Alvarez had been driving clearly arose when, at the police precinct, one of the officers overheard Alvarez instruct his girlfriend to remove a gun from the car. And because the gun and the car were readily movable, exigent circumstances for the warrantless search plainly existed. *See, e.g., United States v. Howard,* 489 F.3d 484, 493–96 (2d Cir.2007).

We have considered Alvarez's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.

---

1. Alvarez's challenges to the suppression hearing were made in a supplemental *pro se* brief filed with the Court.