# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2012

Lyle W. Cayce
Clerk

No. 11-60660
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS WESTBROOK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CR-163-4

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcus Westbrook pleaded guilty of aiding and abetting armed bank robbery (Count 1) and of brandishing a firearm during and in relation to a crime of violence (Count 2). The Government filed a motion for a downward departure under U.S.S.G. § 5K1.1, which the district court granted in sentencing Westbrook to a 28-month term of imprisonment on Count 1 and to a consecutive statutory minimum 84-month term of imprisonment on Count 2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60660

Westbrook contends that the sentence imposed was unreasonably harsh. Because Westbrook did not object to the reasonableness of the sentence in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

To the extent that Westbrook is complaining of the refusal of the district court to depart downward in sentencing him for Count 2, that issue is not reviewable. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999). There is no reason to believe that the district court believed erroneously that it lacked the authority to depart from the mandatory minimum sentence. *See id.*

Westbrook contends that the extent of the district court's downward departure in sentencing him for Count 1 was insufficient considering the extent of his assistance to the Government. "District courts have almost complete discretion to determine the extent of a departure under § 5K1.1. The only ground on which the defendant can appeal the extent of a departure is that the departure was a violation of law." *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999) (internal citation omitted). Westbrook does not contend that the district court committed a violation of law in determining the extent of its downward departure. The judgment is

AFFIRMED.