# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DE DIOS CEDILLO-NARVAEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1599-1

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan de Dios Cedillo-Narvaez (Cedillo) pleaded guilty to count five of a third superseding indictment charging him with conspiring to seize and detain with threats certain aliens in order to compel a third person to pay a sum of money for their release. A co-defendant, Jose Angel Lopez, pleaded guilty to count one of the third superseding indictment, conspiring to harbor illegal aliens. The charges arose from a scheme, organized and planned by Cedillo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Lopez, to seize a group of illegal aliens from another alien smuggling operation and hold them while extorting money from family members in exchange for the aliens' safe release.  In setting a sentence for Cedillo, the district court departed downward from the guidelines range of life imprisonment to a term of 180 months of imprisonment based on a U.S.S.G. § 5K1.1 motion by the Government.  Sentencing Lopez on the harboring illegal alien charge, the district court imposed a lower sentence of 120 months of imprisonment.

Cedillo contends that the unwarranted disparity between his sentence and Lopez's lower sentence requires that his sentence be vacated and this matter remanded for resentencing.  Generally, we review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  However, as Cedillo concedes, he did not raise this argument in the district court and we therefore review only for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Cedillo contends that, in granting the § 5K1.1 motion but only departing downwardly to the extent it did, the district court failed to account sufficiently for the danger faced by him and his family because of his cooperation with the Government.  Additionally, he avers that, in considering the sentence disparity and the 18 U.S.C. § 3553(a) factors, the district court failed to adequately account for the facts that Lopez had a higher criminal history score than Cedillo, that Lopez was on supervised release at the time of the instant offense, and that Lopez was more culpable in the instant offense than Cedillo.

At sentencing, the Government noted that Cedillo had initially been helpful with the investigation, but then refused to testify against Lopez, forcing the Government to permit Lopez to plead only to harboring illegal aliens.  The Government recognized that Cedillo's cooperation had permitted it to charge

other individuals as well, but also argued that Cedillo was ultimately more culpable than Lopez because Lopez had been the "mastermind" while Cedillo had been the main actor and enforcer of their plan. Although the Government recognized the disparity with Lopez's sentence, the Government did not recommend a further departure. In light of the district court's consideration of the Government's arguments and recommendation, which was entitled to substantial weight, Cedillo's unsupported and conclusory assertions are insufficient to show that the district court clearly or obviously erred in setting his sentence. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *Peltier*, 505 F.3d at 391-92; *United States v. Johnson*, 33 F.3d 8, 9 (5th Cir. 1994). As to Cedillo's challenge to the extent of the downward departure he received, he did not allege that the departure was a violation of law and thus failed to show that the district court acted outside of its discretion in departing to 180 months of imprisonment. *See United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999). The judgment of the district court is AFFIRMED.