# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JO ANN SPECK-EDGMON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-237-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jo Ann Speck-Edgmon was convicted of one count of possession with intent to distribute methamphetamine and received a within-guidelines sentence of 220 months of imprisonment and a three-year term of supervised release. The Government moved for a downward departure under U.S.S.G. § 5K1.1. While the record is somewhat ambiguous as to whether the district court granted or denied this motion, the most plausible reading is that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted the motion but nevertheless imposed a within-guidelines sentence. Speck-Edgmon raises two arguments on appeal, namely that the district court reversibly erred by granting the downward departure but sentencing her within the advisory guidelines range and that her sentence was substantively unreasonable.

We engage in a bifurcated review of the sentence imposed by the district court, first considering whether the district court committed a "significant procedural error," such as "failing to consider the [18 U.S.C.] § 3553(a) factors," or "failing to adequately explain the chosen sentence," and then reviewing the substantive reasonableness of the sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Notwithstanding the above, plain error review applies if the defendant fails to object in the district court. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Speck-Edgmon first contends that it was reversible error for the district court to grant the § 5K1.1 motion but sentence her within the guidelines range. As she did not object in the district court on these grounds, plain error review applies. While Speck-Edgmon is correct that it was error for the district court not to depart below the advisory guidelines range after granting the § 5K1.1 motion, the error was harmless. *See United States v. Hashimoto*, 193 F.3d 840, 843-44 (5th Cir. 1999). As in *Hashimoto*, the district court in this case "clearly recognized its authority to depart from the statutory guidelines." *Id.* at 844. While the district court's statement that it would grant a departure is

No. 15-10633

inconsistent with the sentence imposed, the district court indicated that it was granting a departure under § 5K1.1, explained the sentence it chose, and made clear that it was aware it had discretion to reduce Speck-Edgmon's sentence as it saw fit. *See Hashimoto*, 193 F.3d at 844. Although Speck-Edgmon contends that *Hashimoto* should not guide our decision, without an applicable intervening change of law, one panel of this court may not overturn the decision of another panel. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Thus, while the district court erred by granting the motion for downward departure but failing to impose a sentence below the Guidelines, the sentence need not be vacated. *See Hashimoto*, 193 F.3d at 843-44.

Speck-Edgmon also contends that her sentence was substantively unreasonable. A post-*Booker*[1] discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). While Speck-Edgmon argues that her within-guidelines sentence is not entitled to the presumption of reasonableness, she cites no case law or evidence in support of her arguments. There is no reason not to apply the presumption of reasonableness in this case.

"The presumption of reasonableness is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Speck-Edgmon's argument is nothing more than a disagreement with the district court over how the § 3553(a) factors should have been balanced, which is insufficient to overcome the presumption. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir.

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

2012).   The district court listened to Speck-Edgmon's arguments at the sentencing hearing and concluded that a within-guidelines sentence was appropriate.   When imposing the sentence, the district court explicitly stated that it considered the § 3553(a) factors as they applied to Speck-Edgmon's individual history and behavior.   We will not reweigh the § 3553(a) factors on appeal or reexamine their relative import.   *See Gall*, 552 U.S. at 51.   The district court was in the best position to evaluate Speck-Edgmon's history and characteristics, as well as the need for the sentence imposed to further the objectives set forth in § 3553(a), and its decision is entitled to deference.   *See Gall*, 552 U.S. at 51-52.   Speck-Edgmon has not demonstrated that her sentence was substantively unreasonable.   *See id*. at 50-53.

AFFIRMED.