# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31434
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL PAUL FRANCIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-146-9

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Paul Francis appeals the sentence imposed after he pleaded guilty to conspiring to introduce a misbranded synthetic cannabinoid, AM-2201, into interstate commerce. *See* 18 U.S.C. § 371; 21 U.S.C. §§ 331, 333, 352. Francis contends that the court erred by finding AM-2201 to be most closely related to Tetrahydrocannabinol, Synthetic (THC), and by applying a 1:167 ratio of AM-2201 to marijuana to calculate the relevant drug quantity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also argues that the district court improperly limited the degrees of his U.S.S.G. § 5K1.1 sentence reduction by considering a factor unrelated to his assistance.

In a related case arising from the same criminal scheme, we recently affirmed the THC is the most closely related drug to AM-2201 and that the court did not err by applying the 1:167 ratio. Francis's drug-quantity claims lack merit. *See United States v. Malone*, ___F.3d___, 2016 WL 3627319, \*4-\*5 (5th Cir. July 6, 2016).

As to Francis's claim that the district court erred by considering his minor role as a factor affecting his § 5K1.1 reduction, we review only for plain error because Francis did not alert the court to the possible error in order to give the court a chance to amend the reduction or to clarify its reasons. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To show plain error, Francis must show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute" and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, this court has the discretion to correct the error if it seriously affected the integrity, fairness, or public reputation of the proceedings. *Id.* To show that an error affected his substantial rights pertaining to his sentence, Francis must show "a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

"District courts have almost complete discretion to determine the extent of a departure under § 5K1.1." *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999). Nonetheless, "the extent of a § 5K1.1 or [18 U.S.C.] § 3553(e) departure must be based solely on assistance-related concerns." *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). The court told Francis that the

2

30% reduction under § 5K1.1 was "based not only on [his] cooperation, but on [his] relative culpability with the other defendants and the other factors." If we assume without deciding that the court committed a clear and obvious error by possibly conflating the § 3553(a) factors with assistance factors, we nonetheless conclude that Francis has not shown that any error affected his substantial rights. The district court's mention of Francis's "relative culpability" in the context of the reduction is ambiguous and does not mandate an inference that the court intended Francis's role reduction to *limit* further reduction. Thus, the record does not establish that, but for the alleged consideration of an improper factor, Francis would have received a lesser sentence. *See Davis*, 602 F.3d at 647; *cf. Malone*, 2016 WL 3627319 at *6 (finding no plain error where the district court merely "muddled the steps" in formulating the sentence).

The judgment is AFFIRMED.