# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-31425
Cons. w/ No. 15-30012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA ESPINOZA,

Defendant-Appellant

-----------------------------------------------------------------

Consolidated with No. 15-30012

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOYD ANTHONY BARROW,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-146-5
USDC No. 6:12-CR-146-4

————

No. 14-31425
Cons. w/ No. 15-30012

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joshua Espinoza and Boyd Anthony Barrow appeal following their guilty plea convictions of conspiring to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of Schedule I controlled substance analogues. The district court sentenced Espinoza to 61 months of imprisonment and Barrow to 70 months.

Espinoza and Barrow argue that the district court failed to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary from the 1:167 drug equivalency ratio of U.S.S.G. § 2D1.1. We reject this claim for the same reasons expressed in a related case arising from the same criminal scheme. *See United States v. Malone*, 828 F.3d 331, 338-40 (5th Cir. 2016). Further, to the extent Espinoza and Barrow assign error to the district court's equation of AM-2201 to synthetic tetrahydrocannabinol (THC), *Malone* forecloses their claim. *Id.* at 337-38. Likewise, for the same reasons expressed in *Malone*, we reject their argument that the district court erred in using the 1:167 ratio because it is not empirically based. *Id.* at 338.

In a separate argument, Barrow contends that the district court erred in determining his base offense level based upon the quantity of AM-2201 that he received, rather than the quantity of synthetic cannabinoid ("Mr. Miyagi") that he ultimately manufactured and distributed. Barrow does not dispute, however, that in connection with his guilty plea, he stipulated that he "received approximately 30 kilograms of AM-2201, a Schedule I controlled substance analogue of JWH 018." Moreover, as we observed in *Malone*, "the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gave . . . studied attention" to the drug calculation issue, "carefully consider[ed] all [the] evidence," and "issued a well-reasoned oral decision." 828 F.3d at 337. Barrow has not shown that the district court procedurally erred in its application of the Guidelines and sentencing him based upon the stipulated quantity of AM-2201. *See United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Finally, Barrow argues that the district court improperly limited the degree of his U.S.S.G. § 5K1.1 sentence reduction by considering factors unrelated to his assistance. We review this claim only for plain error because Barrow did not alert the court to the possible error in order to give the court a chance to amend the reduction or to clarify its reasons. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). "District courts have almost complete discretion to determine the extent of a departure under § 5K1.1." *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999). Nonetheless, "the extent of a § 5K1.1 or [18 U.S.C.] § 3553(e) departure must be based solely on assistance-related concerns." *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

The district court told Barrow that the 20 percent reduction under § 5K1.1 was "based on the relative cooperation of the parties," yet it also noted Barrow's "role in the offense" and "the relative culpability of the defendants." If we assume without deciding that the court committed a clear and obvious error by possibly conflating the § 3553(a) factors with assistance factors, we nonetheless conclude that Barrow has not shown that any error affected his substantial rights. That is, the record does not establish that, but for the alleged consideration of an improper factor, Barrow would have received a lesser sentence. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010);

No. 14-31425
Cons. w/ No. 15-30012

*cf. Malone*, 828 F.3d at 341 (finding no plain error where the district court merely "muddled the steps" in formulating the sentence).

AFFIRMED.