# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WADE BERGERON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-32-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wade Bergeron pleaded guilty pursuant to a plea agreement to a single count of deprivation of rights under color of law. Pursuant to U.S.S.G. § 5K1.1, the district court sentenced Bergeron below the advisory guideline range to 48 months of imprisonment. Bergeron appeals his sentence, arguing that the district court committed procedural error by failing to conduct an individualized inquiry into his case and by failing to state the basis for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward departure.  He also contends that the sentence is substantively unreasonable.

To preserve error, Bergeron was required "to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Bergeron did not object to the district court's alleged procedural error.  Therefore, we review for plain error.  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The record shows that the district court made an individualized assessment of the facts presented based on appropriate sentencing factors.  *See Gall v. United States*, 552 U.S. 38, 50 (5th Cir. 2007); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Moreover, the record shows that the district court was aware of its discretionary authority to evaluate the defendant's case and make its own § 5K1.1 determination, irrespective of the Government's § 5K1.1 motion.  *cf. United States v. Johnson*, 33 F.3d 8, 10 (5th Cir. 1994).  Bergeron has not shown error, plain or otherwise, in the district court's imposition of the sentence.  *See Puckett*, 556 U.S. at 135.

As for Bergeron's challenge to the substantive reasonableness of his sentence, "[d]istrict courts have almost complete discretion to determine the extent of a departure under § 5K1.1." *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999).  A defendant can appeal the extent of such a departure only it if was imposed in violation of the law.  *Id.*; *see also United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).  However, "we do not review the district court's decision to limit a § 5K1.1 departure for reasonableness," absent

No. 17-30280

a challenge to the sentence as a violation of the law. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Bergeron does not argue that the district court's departure sentence was imposed in violation of the law, or that it was based on the consideration of non-assistance-related factors. Therefore, his reasonableness challenge is unavailing. *See id.*; *see also Hashimoto*, 193 F.3d at 843.

AFFIRMED.