# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-30270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HINES,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-44-1

————

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David Hines appeals his 40-month sentence imposed following his guilty plea conviction for deprivation of rights under color of law in violation of 18 U.S.C. § 242. He contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30270

To the extent the district court granted a U.S.S.G § 5K1.1 downward departure, Hines's reasonableness challenge is unavailing.  As a general rule, we lack jurisdiction to consider a challenge to the extent of a § 5K1.1 departure. *United States v. Malone*, 828 F.3d 331, 341 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016).  "District courts have almost complete discretion to determine the extent of a departure under § 5K1.1," so a defendant may only appeal the extent of such a departure if it was imposed in violation of the law.  *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999).  Hines has made no such showing.

To the extent the sentence was a downward variance from the guidelines range, Hines's substantive reasonableness challenge is similarly without merit.  *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 920 (2016).  As a threshold matter, we need not decide whether to apply plain error review because Hines's contentions fail to show any abuse of discretion.  *See United States v. Rodriguez*, 523 F.3d 522, 525 (5th Cir. 2008).

Hines's arguments amount to a disagreement with the district court's weighing of the § 3553(a) factors.  We will not reweigh the § 3553(a) factors, however, because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Neither has Hines shown any unwarranted sentencing disparity.  *See United States v. Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).  Finally, we lack jurisdiction to consider Hines's claim that he should have received a downward departure under U.S.S.G. § 5K2.10 because he fails to show that the district court mistakenly believed it lacked authority to depart.  *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.