United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-31133
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

LOGAN L. NICHOLS,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

Before JOLLY, DAVIS, and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Logan L. Nichols pled guilty to one charge of insider trading. The district court imposed a sentence that downwardly departed from the applicable sentencing guidelines. Because the district court did not apply and articulate a legal basis for the downward departure, we VACATE the sentence and REMAND for resentencing.

I

Logan L. Nichols and three co-defendants were charged with insider trading under 18 U.S.C. § 371, and Nichols entered a guilty plea. Nichols had acted on two separate tips from the senior vice president of USA Waste Services, Inc., regarding the acquisition of one company and the later merger with a second company. Nichols

made a total of $230,475 profit on these tips. He also passed the tips on to several friends, who also profited.

Relying on the 1997 guidelines, the Presentencing Report ("PSR") calculated a total offense level of 13 and a criminal history category of I.[1] The guideline range was 12-18 months imprisonment and a fine range of $3,000 to $30,000. Moreover, the guidelines categorized this as a "Zone D" sentence, which requires some term of imprisonment. The district court sentenced Nichols to five years probation, twelve months of which were to be served in home confinement with electronic monitoring, 500 hours of community service, and ordered that he pay the $100 special assessment. The court declined to impose an additional fine.

The district court departed downward for three reasons that it detailed orally, which we will later discuss. The district court did not issue a written statement of reasons. The government filed a timely notice of appeal of the downward departure under 18 U.S.C. § 3742(b).

II

The district court is required to "state in open court the reasons for its imposition of the particular sentence" and, if a departure from the applicable sentencing guideline range is involved, "the specific reason" for the departure, which "must also

---

[1]Specifically, the base offense level was 8 per U.S.S.G. § 2F1.2, eight levels were added due to Nichols's gain of $230,475 per U.S.S.G. § 2F1.2(b)(2), and three levels were subtracted for acceptance of responsibility per U.S.S.G. § 3E1.1.

be stated with specificity in the written order of judgment." 18 U.S.C. § 3553(c)(2). Because the district court here failed to provide the written statement of reasons, we review its sentencing order de novo. 18 U.S.C. § 3742(e).[2]

A district court must impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (2000). Here, the district court referred to three factors that it believed justified the imposition of a lesser sentence.

First, the district court considered Nichols's significant "disgorgement" to the SEC as the result of a civil forfeiture action. The court qualified its reliance on this factor, however, by noting that it would consider this factor not for purposes of the downward departure, but in the totality of the circumstances. Thus, this factor's role in the departure decision is unclear.

This Court has not addressed whether a district court may rely on a civil forfeiture when deciding whether to depart downward.

---

[2]Nichols's argument that the abuse of discretion standard applies to this case is wholly without merit in the light of the PROTECT Act's mandate. Pub. L. 108-21, 117 Stat. 650 (2003), (amending, inter alia, 18 U.S.C. § 3553(c) and § 3742(e)). Nichols's sentence was not imposed, and the instant appeal was not filed, until after the Act's effective date (April 30, 2003).

3

Under Koon v. United States, 518 U.S. 81 (1996), the first question must be whether a factor is "discouraged" or "prohibited" under the sentencing guidelines. Section 5K2.0, relying on section 3553(b), states that

> an offender characteristic or other circumstance that is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing.

U.S.S.G. § 5K2.0 (1997) (emphasis added). Thus, if a factor is "discouraged," as opposed to "prohibited," the district court may rely on it when making a decision to depart downward. Koon, 518 U.S. at 95-96. In addition, if a factor is "unmentioned" by the sentencing guidelines, "the court must, after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take the case out of the Guideline's heartland." Id.

Every circuit to examine the issue has held that civil forfeiture may not be used as a basis for departure from the sentencing guidelines. See United States v. Shirk, 981 F.2d 1382, 1397 (3d Cir. 1992), vacated on other grounds, 510 U.S. 1068 (1994); United States v. Weinberger, 91 F.3d 642, 644-45 (4th Cir. 1996); United States v. Hendrickson, 22 F.3d 170, 175-76 (7th Cir. 1994); United States v. Crook, 9 F.3d 1422, 1425-26 (9th Cir.

4

1993); United States v. Hoffer, 129 F.3d 1196, 1203 (11th Cir. 1997). These courts rely on the fact that the guidelines treat civil forfeiture as a wholly separate sanction that is to be imposed in addition to, and not in lieu of, imprisonment. See Hoffer, 129 F.3d at 1203; U.S.S.G. § 5E1.4 ("Forfeiture is to be imposed upon a convicted defendant as provided by statute."). In addition, the guidelines contemplate civil forfeiture as a relevant factor when setting or reducing applicable fines, but make no such mention of the factor in the departure context. See U.S.S.G. § 5E1.2(d)(5). We thus hold that civil forfeiture is an impermissible factor on which to base a downward departure.

Second, the court mentioned the fact that Nichols had been an upstanding citizen. The sentencing guidelines classify civic and charitable good works and a defendant's community ties as "discouraged" factors in deciding whether to depart from the guideline range. See U.S.S.G. §§ 5H1.6, p.s., 5H1.11, p.s. Thus, the court may depart only "if that factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon, 518 U.S. at 96. Whether such exceptional circumstances exist here cannot be discerned from the sentencing colloquy because the district court did not elaborate on Nichols's civic good works or community ties. We therefore conclude that this factor does not justify the downward departure in this case.

5

Finally, the district court relied most heavily on the disparity between Nichols's guideline range and that of his co-defendants. The court noted that Nichols's guideline range was significantly higher than his co-defendants' because 1) he made a larger "investment" in the traded stock and 2) at least two of his co-defendants received downward adjustments for substantial assistance to the authorities under section 5K1.1.

The government argues that the sentencing disparities result from a straightforward application of the sentencing guidelines, which contemplate different sentences based on different individual facts. For instance, Nichols's guideline range was higher than the ranges of his co-defendants because Nichols profited from the insider trading more than any other co-defendant. Because Nichols made $230,475, his offense level was increased by 8 levels. U.S.S.G. § 2F1.1(b)(1)(I) (for gain over $200,000, add 8 levels). In addition, one co-defendant received a downward adjustment for the substantial assistance he provided to the government; the guidelines specifically reward such assistance with a two-level downward adjustment. U.S.S.G. § 5K1.1. Nichols was not asked to and did not provide such assistance. Thus, the government argues, the guidelines have already contemplated sentence disparities resulting from both differing amounts of unlawful profit and differing levels of assistance to the government among co-defendants.

Nichols relies on United States v. Wright, 211 F.3d 233 (5th Cir. 2000), for the proposition that district courts may consider sentencing disparities between co-conspirators when deciding whether to depart from the guidelines.  We noted in Wright that, after Koon, categorical rejection of departure factors was improper.  Id. at 238.  As the district court in Wright did not believe it could rely on sentence disparities, we remanded for re-sentencing.  Wright, 211 F.3d at 239.

Yet Wright represents our only post-Koon decision dealing with the sentence disparity factor, and offers no guidance as to the circumstances in which a departure may be based on such a disparity.  Thus, it is helpful to look at decisions outside this circuit.  For example, the Seventh Circuit has distinguished between "justified" and "unjustified" disparities and noted that only "unjustified" disparities could support a decision to depart from the guidelines.  United States v. Meza, 127 F.3d 545, 549 (7th Cir. 1997).  The Meza court defined "justified" disparities -- those that may "never be a basis for departure" -- as those "result[ing] from the proper application of the Guidelines to the particular circumstances of a case."  Id.  It noted that disparate sentences resulting from acceptance of a plea agreement or adjustment under section 5K1.1 are examples of "justified" disparities.  Id.

In the present case, the disparity results entirely from "the proper application of the Guidelines to the particular

circumstances of [the] case," as discussed <u>supra</u>. The disparity cannot form the basis of the district court's decision to depart because it results from factors already taken into consideration by the sentencing guidelines.

In sum, none of the reasons given by the district court in its sentencing colloquy justifies the decision to depart from the guidelines.

III

For the foregoing reasons, Nichols's sentence is VACATED, and the case is REMANDED for resentencing in a manner consistent with this opinion.[3]

VACATED and REMANDED.

---

[3]Under the PROTECT Act, the district court "shall not impose a sentence outside the applicable guidelines range except upon a ground that . . . was specifically and affirmatively included in the written statement of reasons required by section 3553(c) in connection with the previous sentencing of the defendant prior to the appeal." 18 U.S.C. § 3742(g)(2)(A). Because the district court failed to provide a written statement of reasons, it is precluded from departing from the sentencing guidelines on remand.