United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61163
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

YUNNEL WILLIS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(4:05-CR-7-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Yunnel Willis appeals his guilty-plea
conviction and sentence for assault with a dangerous weapon in
Indian Country,in violation of 18 U.S.C. §§ 113(a)(3) and 1153.  He
contends that the district court failed to articulate specific oral
and written reasons for its decision to impose a non-Guideline
sentence.  He also contends that the non-Guideline sentence was
unreasonable because it gave significant weight to irrelevant or
improper factors already taken into account by the Guidelines.  As
Willis did not object to the non-Guideline sentence in the district

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, we review it for plain error.  See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

The record reflects that the district court calculated the applicable guideline range, used that range as a frame of reference, and decided to deviate upwardly from that range based on its consideration of individualized and proper 18 U.S.C. § 3553(a) factors, including (1) the nature and circumstances of the instant offense and Willis's history and characteristics; (2) the need to provide just punishment and deter criminal conduct; and (3) the need to protect the public from further crimes by Willis.  See United States v. Smith, 440 F.3d 704, 707-09 (5th Cir. 2006). Specifically, the district court noted that it had presided over Willis's prior juvenile conviction for manslaughter and that Willis was not entitled to the same consideration he received in that case when, after having killed someone with a knife, he wantonly engaged in another violent act.  The district court's stated reasons for the upward variance were not based on improper or irrelevant factors and did not represent a clear error of judgment in balancing the sentencing factors.  The district court's stated reasons also allow us to determine that the non-Guideline sentence is supported by § 3553(a) factors and is reasonable.  See id. Willis has failed to show error, plain or otherwise.

Willis also asserts that the district court committed reversible error when it failed to give him prior notice of its intent to impose a non-Guideline sentence and of the factual basis

for the non-Guideline sentence. As he did not object to the lack of notice in the district court, we review this issue for plain error. See Jones, 444 F.3d at 443.

Even if the district court's failure to provide notice under FED. R. CRIM. P. 32(h) constituted error that was plain, Willis offers no argument or evidence suggesting that, with adequate notice, he could have persuaded the district court to impose a lower sentence. See id. Accordingly, Willis has failed to show reversible plain error.

Finally, Willis insists that the government breached his plea agreement by arguing on appeal that the non-Guideline sentence was reasonable. The government complied with its contractual obligation to recommend that the district court impose a sentence within the lower 10% of the applicable guideline range, inform the probation office and district court of the agreement and the nature and extent of Willis's relevant activities, and make a recommendation as to acceptance of responsibility. Further, the only provision in the plea agreement discussing appeal was the appellate-waiver provision. No reasonable reading of the plea agreement would prohibit the government from arguing on appeal that the non-Guideline sentence was reasonable. See United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999). Willis has failed to show that the government breached the plea agreement. See United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995).

The district court's judgment, specifically the non-guideline sentence imposed, is

AFFIRMED.