# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31427

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD JOSEPH BUSWELL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-146-7

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:*

IT IS ORDERED that the petition for panel rehearing is DENIED. We WITHDRAW the opinion previously filed on December 11, 2015, and SUBSTITUTE the following amended opinion.

Richard Joseph Buswell pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute AM-2201, a controlled substance analogue, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(c). The district court sentenced Buswell to 103 months of imprisonment followed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31427

by three years of supervised release.  He challenges this sentence on several grounds.  We AFFIRM.

I.

Richard Joseph Buswell was a member of the same drug distribution conspiracy that is the subject of our concurrently filed opinion in *United States v. Malone*.[1]  As we describe in *Malone*,[2] Buswell was near the bottom of the distribution pyramid.  Co-defendants Thomas Malone, Jr. and Drew T. Green sold AM-2201—a synthetic cannabinoid—to co-defendants Boyd A. Barrow and Joshua Espinoza.  Barrow and Espinoza in turn used AM-2201 to produce "Mr. Miyagi," a product designed to mimic marijuana.  Soon after a trade show in Las Vegas, Barrow and Espinoza began supplying Buswell with Mr. Miyagi.  Buswell distributed Mr. Miyagi, both directly and through franchisees, at stores throughout Louisiana.

In May 2012, a federal grand jury in the Western District of Louisiana returned an indictment charging Barrow, Espinoza, and Buswell with one count of conspiracy to distribute a Schedule I controlled dangerous substance analogue.  Buswell reached a plea agreement with the Government in July 2013.  Pursuant to this agreement, Buswell pleaded guilty to the count of conspiracy in exchange for the Government's promise not to prosecute him for any other offenses related to the AM-2201 distribution scheme.  In December 2014, the district court sentenced Buswell to 103 months of imprisonment followed by three years of supervised release.

II.

Buswell raises four claims of error: (1) the district court erred in using a 1:167 ratio to convert AM-2201 into marijuana; (2) the district court erred in

---

[1] No. 14-31426 (5th Cir. Dec. 11, 2015), *as amended* (5th Cir. July 6, 2016).

[2] *Id.* at 2.

2

## No. 14-31427

granting safety valve reductions to his co-defendants; (3) the district court awarded an unreasonably small § 5K1.1 departure; and (4) the district court abused its discretion in ordering that his sentence run consecutively to an earlier sentence received for securities fraud. We discuss each claim of error below.

### A.

Buswell argues that the district court erred in using a 1:167 ratio to convert AM-2201 into marijuana. We reject this claim for the same reasons expressed in *United States v. Malone*.[3] To the extent Buswell suggests that the district court failed to appreciate its discretion under *Kimbrough v. United States*[4] to vary from this ratio, we also reject this claim for the same reasons expressed in *Malone*.[5]

### B.

Buswell next argues that the district court erred in granting safety-valve reductions to several co-defendants under U.S.S.G. § 2D1.1(b)(17). Though Buswell concedes that he was not eligible for such a reduction, he contends that the district court created an unwarranted sentencing disparity by erroneously awarding safety-valve reductions to his co-defendants.[6] That is, Buswell asserts that he should receive a safety-value reduction—even though he is not eligible—because several co-defendants received such a reduction—even though they were not eligible. We disagree. This is an appeal of Buswell's sentence, not those of his co-defendants. As a result, the only relevant question

---

[3] *Id.* at 6-10.

[4] 552 U.S. 85 (2007).

[5] No. 14-31426, slip op. at 10-12.

[6] Buswell argues that his co-defendants were not eligible because allegedly there was evidence that (1) the offense "result[ed] in death or serious bodily injury"; and (2) that the co-defendants were "organizer[s], leader[s], manager[s], or supervisor[s] of others in the offense." *See* U.S.S.G. § 5C1.2(a) (listing disqualifying conditions).

No. 14-31427

is whether the district court properly concluded that Buswell was not entitled to a safety-valve reduction—which it did.  Assuming without deciding that the district court erred with respect to his co-defendants, Buswell is not entitled to benefit from this mistake.[7]  To the extent Buswell urges more generally that his sentence is disproportionate because his co-defendants received similar or shorter sentences despite distributing significantly more AM-2201, we also reject this argument.  Though Buswell is correct that he received a longer sentence than some of his distributors, there is no dispute that the district court properly applied the Drug Quantity Table to the facts of this case.[8]  As a result, any disparity is a product of the Sentences Guidelines, and thus "justified."[9]

## C.

Buswell's third claim is that the district court awarded an unreasonably small § 5K1.1 departure.  This claim encompass two sub-arguments: (1) the district court improperly relied on non-assistance-related factors to reduce the extent of his § 5K1.1 departure; and (2) the district court should have awarded a greater § 5K1.1 departure given his substantial assistance.  Neither argument is persuasive.  Though this Court has held that "the extent of a § 5K1.1 or § 3553(e) departure must be based solely on assistance-related concerns,"[10] there is no evidence in the record that the district court considered

---

[7] *See Kinnard v. United States*, 313 F.3d 933, 936 (6th Cir. 2002) ("The fact that one defendant received a benefit to which he was not entitled (i.e., a lower sentence based on a weight that was not properly relied on by the sentencing court), does not entitle another defendant to the benefit of the same mistake."); *see also United States v. Peddie*, 990 F.2d 626, at *1-2 (5th Cir. 1993) (precedential under 5th Cir. R. 47.5.3) (rejecting—in the context of a § 2255 proceeding—the relevance of appellant's argument that the district court "erroneously" departed downward on behalf of a co-defendant); *United States v. Salley*, 149 F.3d 1172, at *1 (4th Cir. 1998) (unpublished table decision).

[8] *See* U.S.S.G. § 2D1.1(c).

[9] *See United States v. Nichols*, 376 F.3d 440, 443 (5th Cir. 2004).

[10] *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

non-assistance related concerns in determining the extent of Buswell's § 5K1.1 departure. Buswell concedes this point, but asserts that the district court *must have* considered such factors given the small size of his departure.[11] This assumption, however, is inconsistent with "the presumption that district courts know the applicable law and apply it correctly."[12] And even if we were to indulge it, we would still reject Buswell's claim for the same reasons expressed in *United States v. Malone*.[13] We cannot even consider Buswell's second argument that his § 5K1.1 departure was simply too small. As we explain in *Malone*,[14] this Court lacks jurisdiction over an unadorned challenge to the extent of a § 5K1.1 departure.[15]

## D.

Buswell's final claim is that the district court abused its discretion in deciding that his sentence should run consecutively to an earlier sentence received for securities fraud. Though there is little in the record about the securities fraud case, Buswell's presentence report reflects that he was a licensed stock broker prior to his incarceration. In October 2011, he was arrested for defrauding some of his clients. He eventually pleaded guilty to conspiracy to commit securities fraud, investor advisor fraud, wire fraud, and mail fraud. In September 2014, he was sentenced to 126 months of imprisonment followed by three years of supervised release. At his sentencing for the case presently before this Court—which took place in December 2014— Buswell argued that his sentence for conspiracy to distribute AM-2201 should

---

[11] Buswell's Opening Brief at 59.

[12] *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000).

[13] No. 14-31426, slip op. at 12-15 (5th Cir. Dec. 11, 2015), *as amended* (5th Cir. July 6, 2016).

[14] *Id.* at 15.

[15] *United States v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999) (per curiam) ("We would thus clearly lack jurisdiction over Hashimoto's case if he was challenging . . . the extent of a departure that was made . . . .").

run concurrently to his sentence for securities fraud because, among other reasons, the securities fraud offense was "relevant conduct" to the instant offense. The district court disagreed and ordered that Buswell's sentence run consecutively to his sentence for the securities fraud case.

On appeal, Buswell acknowledges that the district court had discretion to order that the two sentences run consecutively,[16] but asserts that the district court abused its discretion in doing so. Under U.S.S.G. § 5G1.3(d), the district court had the discretion to decide whether the two sentences should run consecutively or concurrently "to achieve a reasonable punishment for the offense." The Sentencing Guidelines instruct the district court to consider a number of factors, including the 18 U.S.C. § 3553(a) factors, in making this decision.[17] Buswell effectively argues that the district court should have weighed these factors differently. As we have said many times before, such an argument is an insufficient basis for reversal.[18] Buswell is also wrong to suggest that the Government has breached the plea agreement by defending the consecutive nature of his sentence on appeal. Under a fair reading of the agreement,[19] the Government promised only to "not oppose the defense request" that the two sentences run concurrently *before the district court*—not to take any particular position before this Court.[20]

---

[16] *See* Buswell's Reply Brief at 15-16.

[17] U.S.S.G. § 5G1.3 cmt. n.4(A).

[18] *See, e.g.*, *United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

[19] *See United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012) ("In evaluating whether a plea agreement was breached, we apply general principles of contract law, construing the terms strictly against the government as drafter, to determine 'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'" (quoting *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008))).

[20] *See, e.g.*, *United States v. Willis*, 219 F. App'x 372, 373 (5th Cir. 2007); *United States v. Ballard*, 220 F.3d 586, at *1 (5th Cir. 2000) (unpublished table decision).

No. 14-31427

## III.

For the reasons above, we AFFIRM.  Buswell's motion to supplement the record on appeal is DENIED.