# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2022

Lyle W. Cayce
Clerk

No. 21-40357
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodolfo Vento, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CR-664-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rodolfo Vento, Jr., was convicted through a jury trial of conspiracy to transport and harbor aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He was sentenced to, *inter alia*, 120 months' imprisonment. Vento asserts: the evidence was insufficient to support a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40357

conviction; the district court erred in admitting testimonial hearsay; and his sentence was procedurally and substantively unreasonable.

Regarding Vento's properly-preserved sufficiency challenge, in reviewing *de novo* whether a rational trier of fact could find that the Government proved the essential elements of this offense beyond a reasonable doubt, we draw all reasonable inferences in favor of the jury's verdict, and do not reassess the weight given the evidence or the credibility of witnesses. *E.g.*, *United States v. Peterson*, 977 F.3d 381, 389 (5th Cir. 2020) (explaining evidence is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted)). To convict Vento, the Government had to prove he agreed with one or more individuals; to transport an alien illegally in the United States; to further the alien's unlawful presence; and did so "knowingly or in reckless disregard of the fact that the alien's presence in the United States was unlawful". *United States v. Jimenez-Elvirez*, 862 F.3d 527, 533–34 (5th Cir. 2017) (citation omitted) (explaining elements for conspiracy to transport undocumented alien).

From, *inter alia*, the connections among Vento's and others' telephone records, the nature of the telephone contacts between them, Vento's jail-call conversations, and the testimony outlining both the routine operations of the smuggling organization and Vento's role in it, a rational juror could infer he knowingly agreed with others to engage in the trafficking of aliens for money and knew the aliens, including a child, were present unlawfully in the United States. *See* § 1324(a)(1)(A)(v)(I); *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994) (noting "knowledge can be inferred from circumstantial evidence").

Turning to Vento's next assertion, preserved Confrontation Clause errors are reviewed *de novo*, subject to harmless-error review. *E.g.*, *United States v. Cowards*, 24 F.4th 409, 411 (5th Cir. 2022). Where, however, a party fails to preserve the objection (as Vento concedes), review is only for plain

error. *E.g.*, *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

According to Vento, the court's admission at trial of multiple out-of-court testimonial statements violated the Sixth Amendment's Confrontation Clause. Even assuming a clear or obvious error in the admission of the statements, Vento has failed to show the error affected his substantial rights in the light of the ample evidence of his participation in the smuggling conspiracy and the harboring of the child. *See Puckett*, 556 U.S. at 135 (explaining for an error to affect substantial rights, it must have "affected the outcome" of proceeding (citation omitted)).

Concerning Vento's sentencing challenges, although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Vento fails to show the court clearly erred by imposing a six-level enhancement under Guideline § 2L1.1(b)(2) (smuggling, transporting, or harboring unlawful aliens) for an offense involving 25 to 99 aliens. *See United States v. Piper*, 912 F.3d 847, 859 (5th Cir. 2019) (explaining court did not

clearly err where factual findings were "plausible in [the] light of the record" (citation omitted)). The unrebutted evidence from the trial and presentence investigation report (PSR) plausibly showed that, at the least, the smuggling organization involving Vento transported 23 aliens in three trips with one co-defendant, and six in a separate trip.

Similarly unavailing is Vento's preserved challenge that his presumptively reasonable within-Guidelines sentence of 120 months is substantively unreasonable. *See United States v. Vargas*, 21 F.4th 332, 337 (5th Cir. 2021) (explaining reasonable presumption may be rebutted by showing "the sentence: (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors" (citation omitted)). Vento fails to show the court gave weight to an improper factor or double counted when the court considered his lengthy criminal history. Many of Vento's prior convictions over a period of 30 years were not accounted for in the calculation of his criminal-history category and several of those reflected such serious conduct as assault, unlawfully carrying a weapon, and driving under the influence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (holding sentence reasonable under sentencing factors in the light of, *inter alia*, defendant's extensive criminal history).

The sentence disparity resulting from the absence of a plea agreement in this matter resulted from the appropriate application of the Sentencing Guidelines to the facts of this proceeding, and it was neither unwarranted nor clear error. *Cf. United States v. Nichols*, 376 F.3d 440, 443 (5th Cir. 2004) (finding error where sentencing disparity was warranted on the record and departure from the Guidelines was, therefore, unjustified). Additionally, having considered Vento's assertion and the PSR's discussion of Vento's substance abuse, the court specifically provided for substance-abuse counseling.

No. 21-40357

In short, Vento's disagreement with the court's weighing of the sentencing factors is insufficient to show clear error. *See United States v. Simpson*, 796 F.3d 548, 560 (5th Cir. 2015) (holding objections to court's weighing of factors not sufficient for clear error).

AFFIRMED.